**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

SANDRA M. HARTWIG,

        Plaintiff,

v.                                    CV No. 19-1017 JFR/CG

ONPOINTE,

        Defendant.

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

**THIS MATTER** is before the Court on Plaintiff's *Request to refer this case to the Pro Bono Program's selection committee* (the "Motion"), (Doc. 6), filed November 13, 2019. The Court, having reviewed the Motion and the relevant law, finds the Motion is not well-taken and shall be **DENIED**.

On October 31, 2019, Ms. Hartwig filed a complaint against her former employer, claiming she was the victim of harassment, age discrimination, and retaliatory discharge. (Doc. 1 at 2). On November 4, 2019, the Court granted Ms. Hartwig's *Application to Proceed in District Court without Prepaying Fees or Costs*, (Doc. 3), and ordered Defendant Onpointe to be served with a copy of the Summons and Complaint. (Doc. 4). In her present Motion, Ms. Hartwig now asks the Court to appoint her counsel. (Doc. 6).

There is no Sixth Amendment right to the appointment of counsel in a civil case. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003). Therefore, it is the plaintiff who bears the burden of proving that the appointment of counsel is warranted.

*Martinez v. True*, 128 Fed. Appx. 714, 716 (10th Cir. 2005) (unpublished) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).

The final decision to appoint counsel ultimately rests in the sound discretion of the court. *See McCarthy v. Weinberg*, 753 F.2d 836, 839-40 (10th Cir. 1985). In making this determination, the court should consider the merits of the plaintiff's claim, the nature and complexity of the factual and legal issues, and the plaintiff's ability to investigate the facts and adequately present her claim. *Hill*, 393 F.3d at 1115. In addition, the court may consider the plaintiff's ability to afford counsel and her diligence in searching for counsel independently, before asking the court to make the appointment for her. *Castner v. Colo. Springs Cabledivision*, 979 F.2d 1417, 1420-21 (10th Cir. 1992). The court should analyze these considerations in light of the totality of the circumstances. *McCarthy*, 753 F.2d at 839-40. This analysis includes a final determination that the lack of counsel does not result in fundamental unfairness to the plaintiff. *Id.*; *see also Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

The Court has reviewed Ms. Hartwig's Motion and her former filings in light of the foregoing factors. Notably, Ms. Hartwig is proceeding *in forma pauperis*, and has therefore already demonstrated that she is unable to pay attorney fees at this time. *See* (Doc. 4). Unlike other civil cases, however, attorneys who represent clients in 42 U.S.C. § 1983 cases often require no payment from the plaintiff unless a verdict is returned in the plaintiff's favor. In addition, attorney fees may be awarded in a 42 U.S.C. § 1983 claim if the plaintiff prevails. *See* 42 U.S.C. § 1988(b). Therefore, Ms. Hartwig's inability to pay does not preclude her from privately securing counsel.

The Court is sympathetic to Ms. Hartwig's situation and applauds her efforts to obtain private counsel. *See* (Doc. 6 at 1). Regretfully, however, the Court does not currently have a Pro Bono Program. As a result, the Court is unable to appoint Ms. Hartwig counsel. Notably, there are numerous attorneys and law firms that specialize in civil rights cases and many that take cases on a contingency-fee basis. In addition, there are resources for Ms. Hartwig to find pro bono counsel, including the State Bar of New Mexico, (1-800-876-6227). Specifically, the State Bar lists the contact information for 18 organizations that provide free or low-cost legal services. The Court will also direct the Clerk to send Ms. Hartwig a "Guide for Pro Se Litigants," which contains a list of 13 local pro bono attorneys. *See Guide for Pro Se Litigants*, at 6. As a final note, the Court reminds Ms. Hartwig that as a pro se litigant, she is bound by the rules of the Court, specifically the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that Plaintiff's *Request to refer this case to the Pro Bono Program's selection committee*, (Doc. 6), is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk send copies of the "Guide for Pro Se Litigants" and the Local Rules of Civil Procedure to Ms. Hartwig.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE