IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SANDRA M. HARTWIG,

    Plaintiff,

vs.                                                      No. CV 19-1017 KG/CG

ONPOINTE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

        Defendant OnPointe employed Plaintiff Sandra Hartwig as a physical therapist from July 31, 2017, through March 26, 2018. This case arises from Ms. Hartwig's alleged retaliatory discharge after reporting harassment and age discrimination to the Equal Employment Opportunity Commission (EEOC). Despite participating in mediation facilitated by the EEOC, the parties could not resolve their dispute. Thus, Ms. Hartwig timely filed her *pro se* Complaint seeking compensation for OnPointe's alleged harassment, age discrimination, retaliation, and unlawful discharge in contravention of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a). (Doc. 1) at 2-3, 9-10.

        Presently before the Court is Ms. Hartwig's Motion for Entry of Default Judgement [sic] and Proposed Default Judgement [sic] with Affidavit of Sum Certain (Motion for Default Judgment), filed June 3, 2020. (Doc. 12). OnPointe did not file a response to Ms. Hartwig's Motion for Default Judgment, and the time for doing so has now passed. *See* D.N.M.LR-Civ. 7.4(a) (explaining "[a] response must be served and filed within fourteen (14) calendar days after service of the motion"). Having considered Ms. Hartwig's briefing, the record in the case, and the relevant law, the Court grants in part the Motion for Default Judgment.

*I.    Background*

Ms. Hartwig filed her Complaint before this Court on October 31, 2019. (Doc. 1). On May 11, 2020, the Court entered an Order to Show Cause (Order), explaining that OnPointe was served by certified mail on November 5, 2019, and also by the United States Marshals Service on February 21, 2020. (Doc. 8) at 1. The Court noted that OnPointe had not answered the Complaint or filed a responsive pleading contesting Ms. Hartwig's allegations. *Id.* The Court remarked that in such a situation, a plaintiff may seek an entry of default and a default judgment, as provided by the Federal Rules of Civil Procedure. *Id.* at 2. In addition, the Court instructed Ms. Hartwig to show cause why her Complaint should not be dismissed for failure to prosecute under Local Rule 41.1 or file an appropriate motion. *Id.* OnPointe did not respond; Ms. Hartwig did so, and requested a Clerk's Entry of Default against OnPointe (Doc. 9), which the Clerk of Court promptly granted (Doc. 10). Now, Ms. Hartwig requests that the Court enter default judgment against OnPointe and award her back pay for lost wages resulting from her retaliatory discharge. (Doc. 12) at 3.

*II.    Discussion*

To be awarded a default judgment, the moving party first must request a Clerk's entry of default against the party who fails to plead or otherwise defend. Fed. R. Civ. P. 55(a); *Garrett v. Seymour*, 217 Fed. Appx. 835, 838 (10th Cir. 2007) (explaining Clerk's entry of default is "prerequisite for the entry of a default judgment"). Then, after entry of default, "the [moving] party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). However, before entering a default judgment, the Court must first establish subject matter and personal jurisdiction. *Joe Hand Promotions, Inc. v. Stateline Bar & Grill, LLC.*, 2019 WL 5095742, at *2 (D. Colo.), *report and recommendation adopted*, 2019 WL 5095646 (D. Colo.) (explaining "[i]f

it lacks subject matter jurisdiction over the matter or personal jurisdiction over Defendants, the court may not enter default judgment"). If the Court determines it has jurisdiction, it must then inquire "whether the well-pleaded factual allegations in the Complaint and any attendant affidavits or exhibits support judgment on the claims against the defendants." *Id.* To make this determination, the Court may conduct a hearing to decipher the truth of the allegations raised or otherwise investigate the conduct alleged. Fed. R. Civ. P. 55(b)(2)(A)-(D).

After the Court enters default judgment, "[d]amages may be awarded only if the record adequately reflects the basis for the award as supported by the evidence in the record." *Joe Hand Promotions, Inc.*, 2019 WL 5095742, at *2. Nevertheless, if "the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further hearing." *Lucero v. Board of Directors of Jemez Mountains Cooperative, Inc.*, 2020 WL 5110733, at *13 (D.N.M.) (quoting *United States v. Craighead*, 176 Fed. Appx. 922, 925 (10th Cir. 2006)). The sum certain amount awarded "is premised on the assumption that each of [the] [p]laintiff's allegations of fact are true, and each of [her] claims are established as a matter of law." *Huebner v. City of Roswell*, 2002 WL 35649508, at *3 (D.N.M.) (internal citation omitted).

    A. Analysis

        *1. Default Judgment*

Ms. Hartwig first requests the Court enter default judgment against the non-responsive defendant, OnPointe. (Doc. 12). To begin, the Court notes subject matter jurisdiction under 28 U.S.C. § 1331, because Ms. Hartwig's Complaint alleges violations of the ADEA, 29 U.S.C. § 623(a). *See* (Doc. 12) at 2. Furthermore, the Court has personal jurisdiction over OnPointe. Specifically, OnPointe was served through certified mail and by the United States Marshals

Service at OnPointe's last known business address. *See* (Doc. 12) at 1. This service comports with Federal Rule of Civil Procedure 4 and implicates personal jurisdiction. *See* Fed. R. Civ. P. 4(h) (explaining corporation may be served by mail); Fed. R. Civ. P. 4(c)(3) (explaining "the court may order that service be made by a United States marshal").

Next, the Court notes OnPointe still has not filed a responsive pleading to Ms. Hartwig's Complaint and therefore has "failed to plead or otherwise defend" its position in this lawsuit. *See* Fed. R. Civ. P. 55(a). Moreover, the Clerk already has filed its entry of default in conformity with Federal Rule of Civil Procedure 55(a). (Docs. 9 and 10). As such, the only remaining inquiry before the Court is whether Ms. Hartwig raises "well-pleaded factual allegations" to "support judgment on the claims" against OnPointe. *See Joe Hand Promotions, Inc.*, 2019 WL 5095742, at *2.

Ms. Hartwig requests default judgment on two claims for relief under the ADEA. First, she alleges "harassment/age discrimination." (Doc. 1) at 9. An entry of default judgment on the basis of age discrimination requires "a prima facie case…[that the] plaintiff (1)…is within the protected age group; (2)…was doing satisfactory work; (3)…was discharged; and (4) [her] position was filled by a younger person." *See Rivera v. City and County of Denver*, 365 F.3d 912, 920 (10th Cir. 2004). In support of the first element, Ms. Hartwig alleges that she was "at least 40 years of age" at the time of OnPointe's discriminatory conduct. (Doc. 1) at 2, 9. She specifically demonstrates she was 57 years old at the time; therefore, Ms. Hartwig has satisfied the first element of her age discrimination claim, 29 U.S.C. § 631 (explaining individual must be at least 40 years old to qualify for protection under ADEA), and the third element, that she was discharged.

However, with respect to the second element, Ms. Hartwig does not proffer any evidence that she was producing "satisfactory work" before being discharged. And assuming Ms. Hartwig could produce evidence to satisfy the second element, her claim nevertheless fails on the fourth element. Indeed, Ms. Hartwig does not allege that her position was filled by a younger person after OnPointe terminated her employment. In the absence of evidence to support two of the four elements, Ms. Hartwig cannot demonstrate a *prima facie* case of age discrimination. Consequently, the Court will not enter default judgment against OnPointe on Ms. Hartwig's first claim for relief. *See Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (affirming district court's refusal to enter default judgment, explaining "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law") (internal citation and quotations omitted).

Next, Ms. Hartwig requests an entry of default judgment on her claim of "retaliation/unlawful discharge." (Doc. 1) at 10. To enter default judgment on a claim of retaliation, "a plaintiff must show: (1) that [] she engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *See Ango v. Blue Cross Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1198 (10th Cir. 2006).

In support of the first element, Ms. Hartwig alleges that she requested meetings with her supervisor to discuss the age discrimination and harassment she endured. (Doc. 1) at 10. In addition, on March 13, 2018, Ms. Hartwig alleges that she initiated a complaint with the EEOC charging OnPointe with unlawful harassment and age discrimination. *Id.* These factual allegations demonstrate that Ms. Hartwig "engaged in protected opposition to discrimination."

5

*See, e.g.*, *Hinds v. Sprint/United Management Co.*, 523 F.3d 1187, 1203 (10th Cir. 2008) (explaining "to qualify as protected opposition the employee must convey to the employer his or her concern that the employer has engaged in a practice made unlawful by the ADEA").  As a result, Ms. Hartwig has pled sufficient factual support to satisfy the first element of her retaliation claim.

Turning to the second element, Ms. Hartwig alleges that two weeks after filing her EEOC complaint, OnPointe terminated her employment.  (Doc. 1) at 10.  It is undisputed that a reasonable employee would find being terminated from employment a "materially adverse" action.  *See Daniels v. United Parcel Services, Inc.*, 701 F.3d 620, 635 (10th Cir. 2012) (holding "[a]n adverse employment action is a significant change in employment status, such as hiring, firing, failing to promote…") (internal quotations and emphasis omitted).  As such, this factual contention satisfies the second element of Ms. Hartwig's retaliation claim.

Finally, the temporal proximity between Ms. Hartwig's protected activity and her termination from employment, approximately two weeks, infers a retaliatory motive to satisfy the third element.  *See Hinds*, 523 F.3d at 1204 (opining court "may infer retaliatory motive from a close temporal proximity between an employee's protected conduct and an employer's adverse employment action").  As a result, Ms. Hartwig has provided "well pleaded factual allegations" to satisfy each of the three elements necessary to establish a *prima facie* claim of retaliation.  *See Magic Carpet Ski Lifts, Inc. v. S&A Co., Ltd*, 2015 WL 4237950, at *5 (D. Colo.) (explaining "[t]here must be a sufficient basis in the pleadings for the judgment entered") (internal quotations omitted).

In summary, the Clerk has filed an entry of default consistent with Rule 55(a), and OnPointe has continued to fail to defend this action.  Moreover, the Court notes it has both

subject matter jurisdiction over this action and personal jurisdiction over OnPointe.  The Court further determines that Ms. Hartwig has not proffered well pleaded factual allegations to support her claim of age discrimination, but has adequately alleged her claim of retaliation.  As such, Ms. Hartwig is entitled to an entry of default judgement against OnPointe on her ADEA claim of retaliation.

*2. Damage Award*

Having determined that it will enter a default judgment on Ms. Hartwig's ADEA retaliation claim, the Court next must quantify Ms. Hartwig's damage award.  *See Lucero*, 2020 WL 5110733, at *13 (stating "[w]hile a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation") (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)).  Ms. Hartwig contends her damages constitute a "sum certain," because the Court can mathematically compute her back-pay award based on her average monthly salary while employed with OnPointe.  (Doc. 12) at 22.  Therefore, Ms. Hartwig posits that the Court need not hold a hearing to award a total sum.  *Id.*  The Court agrees.

Under the ADEA, an award of back pay is an appropriate remedy for wrongful termination to satisfy the dual objectives of deterring discrimination by employers and compensating victims for their injuries.  *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 357 (1995) (explaining "[w]hen confronted with a violation of the ADEA, a district court is authorized to afford relief by means of reinstatement, backpay, injunctive relief, declaratory judgment, and attorney's fees").  A back-pay award should be computed to "compensate[] a plaintiff for lost wages and benefits between the time of the adverse employment action and the

trial court judgment." *Goico v. Boeing Co.*, 347 F.Supp. 2d 986, 990 (D. Kan. 2004) (applying standard set forth in 42 U.S.C. § 2000e-5(g)(i)).

Ms. Hartwig explains that the Court can compute her back-pay award by multiplying her average monthly income, $4,031.71, by the number of months and additional days since her wrongful termination, 29 months and 21 days. (Doc. 12) at 22-23.[1] Under this formula, Ms. Hartwig's back-pay award equals $122,211.17. *See id.* In support of her calculations, Ms. Hartwig attaches copies of her payroll deposits from OnPointe, an affidavit explaining her calculations, and a copy of her offer letter from OnPointe delineating her hourly pay rate and confirming her employment start date. *See* (Doc. 12) at 4-23. The Court also notes that OnPointe does not contest Ms. Hartwig's calculated figure. *See Lucero*, 2020 WL 5110733, at *13 (holding if "defendant does not contest the amount prayed for in the complaint [by failing to answer] … the judgment generally will be entered for that amount without any further hearing") (brackets in original) (internal quotations omitted).

The Court finds that it can compute a sum certain from Ms. Hartwig's mathematical calculations, which she supports with credible figures presented in her exhibits and affidavit. *See* (Doc. 12) at 4-23. As such, in reviewing Ms. Hartwig's Motion for Default Judgment, her exhibits, and the controlling law, the Court will enter a default judgment on Ms. Hartwig's retaliation claim in the amount of $122,211.17.

---

[1]. Ms. Hartwig explains that she lost five months and three days of earnings in 2020, twelve months of earnings in 2019, and nine months of earnings in 2018. (Doc. 12) at 22-23. Ms. Hartwig also asks the Court to calculate her additional lost wages from the date she filed her motion through the date of this decision. *Id.* The Court will therefore add three months and 18 days to Ms. Hartwig's calculation, to reflect the time between the date she filed her motion and entry of this decision.

IT IS THEREFORE ORDERED that

1. Ms. Hartwig's Motion for Default Judgement [*sic*] (Doc. 12) is granted in part; and
2. Default Judgment will be entered against Defendant OnPointe on the ADEA retaliation claim in the amount of $122,211.17.

_____
UNITED STATES DISTRICT JUDGE